```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARCUS GREEN,                                    :
                    Petitioner,                  :
                                                 :   MEMORANDUM OPINION
v.                                               :   AND ORDER
                                                 :
LETITIA JAMES,                                   :   15 CV 2825 (VB)
                    Respondent.                  :
--------------------------------------------------------------x
```

Briccetti, J.:

Before the Court is Magistrate Judge Andrew E. Krause's Report and Recommendation ("R&R"), dated January 12, 2021 (Doc. #36), on Marcus Green's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The parties' familiarity with the factual and procedural background of this case is presumed.

The magistrate judge recommended that the petition be denied in its entirety. For the reasons set forth below, the Court agrees. Accordingly, the R&R is adopted as the opinion of the Court and the petition is DENIED.

I. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed R. Civ. P. 6(d).

1

The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates their original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).  As petitioner is proceeding pro se, this Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'"  Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).[1]

II.     Application

Magistrate Judge Krause issued the R&R on January 12, 2021, and the docket reflects that the R&R was mailed that day to petitioner's current address.  Accordingly, any objections to the R&R were due seventeen days later.  On January 25, 2021, the Court received a letter from petitioner dated January 15, 2021, in which petitioner requested an extension of time to object to the R&R.  (Doc. #38).  The Court granted that request, and extended petitioner's time to object to March 31, 2021.  (Doc. #39).

On April 19, 2021, having received no objections, the Court issued another Order sua sponte extending petitioner's time to file objections to May 19, 2021.  In that Order, the Court stated "[i]f petitioner fails to file objections to the [R&R] by May 19, 2021, the Court will review the [R&R] for clear error only."  (Doc. #40).  To date, the Court has received no objections to the R&R.

---

[1]     Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

Because petitioner has not objected to Judge Krause's thorough and well-reasoned R&R, the Court has reviewed the R&R for clear error. Finding no error, clear or otherwise, the Court adopts the R&R and denies the petition in its entirety.

**CONCLUSION**

Accordingly, the Court adopts the R&R as the opinion of the Court, and the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Memorandum Opinion and Order to petitioner at the address listed on the docket.

Dated: June 21, 2021
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge